**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20CR220 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTHONY MAY, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Anthony May's Motion for Bond. (Doc. 14). For the following reasons, Defendant's Motion is **DENIED**.

### I. BACKGROUND

On March 19, 2020, a Grand Jury indicted Defendant with one count of Possession with Intent to Distribute Controlled Substances, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and one count of Attempted Possession with Intent to Distribute Controlled Substances, a violation of 21 U.S.C. § 846. (Doc. 13).

Before the Indictment, on March 5, 2020, Magistrate Judge Greenberg held a Detention Hearing and ordered Defendant detained. (Doc. 12). The Magistrate Judge found that the presumption of detention applied and that Defendant did not rebut the presumption. (*Id.* at PageID: 30-31). In addition, the Magistrate Judge found by clear and convincing evidence that "based upon the offense charged, Defendant's mental health history, his substance abuse history,

- 1 -

and his criminal history, no condition or combination of conditions exist that would reasonably ensure the safety of the community or Defendant's appearance." (*Id.* at PageID: 31).

On April 2, 2020, Defendant filed his Motion. (Doc. 14). The Government responded on May 11, 2020 asking the Court to deny Defendant's request. (Doc. 18).

## II. LAW & ANALYSIS

### A. Review Under § 3145(b)

Defendant rightfully asserts that a district court may conduct a *de novo* review of a magistrate judge's decision to detain under 18 U.S.C. § 3145(b). *United States v. Alexander*, 742 F. Supp. 421, 423 (N.D. Ohio 1990). By doing so, the district court conducts the same analysis with the same options under 18 U.S.C. § 3142 as the magistrate judge. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000).

While the default position under § 3142 is pretrial release, that default is modified when "the judicial officer finds that there is probable cause to believe" that a defendant committed one of the crimes listed in § 3142(e)(3)(A)–(E). 18 U.S.C. § 3142(e)(3). In such a case, a presumption in favor of detention exists. *Id.* In order to defeat this presumption, a defendant must come forward with evidence that he does not pose a danger to the community or a flight risk. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). While the burden is not heavy, a defendant must introduce at least some evidence. *Id.*

When the government presents an indictment including charges listed in § 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention. *Id.* (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)). Here, the Grand Jury indicted Defendant with a crime listed in § 3142(e)(3). Accordingly, the Government established the presumption of detention.

Defendant thus must produce "some evidence" that he does not pose a danger to the community or a risk of flight. Defendant has not satisfied this burden. In one sentence Defendant contends he "has established by clear and convincing evidence that he does not pose a danger to the community or a risk of flight if placed on home detention." (Doc. 14, PageID 38). This conclusory sentence does not satisfy Defendant's burden. Defendant does not attack the correctness of the Magistrate Judge's decision. Defendant does not attach additional evidence or even an affidavit that he is not a danger to the community or a flight risk. Rather, he relies on his marital history, service history, employment history and lack of past criminal history. But these commendable aspects of Defendant do not speak to the danger to the community or flight risk. Rather, these factors all existed at the time Defendant committed the alleged acts. Finally, as will be discussed below, the Court finds that the presence of COVID-19 in the community speaks little to Defendant's flight risk or danger to the community.

Based on the lack of evidence before the Court at this juncture, the Court finds that Defendant has not rebutted the presumption of detention in this matter under § 3142(e)(3).

**B.     COVID-19 and Changed Circumstances**

Rather than addressing his danger to the community or flight risk, Defendant focuses his Motion on the existence of COVID-19. According to Defendant, COVID-19 presents "changed circumstances [that] necessitate a reconstruction of defendant's bail condition." (Doc. 14, PageID: 39). A district court *may* reopen a detention hearing based on changed circumstances. 18 U.S.C. § 3142(f)(2)(B). However, the new information must 1) have been unknown to the movant at the time of the hearing; and 2) have "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community." *United States v. Watson*, 475 Fed. App'x 598, 600

(citing § 3142(f)(2)(B)). "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Id.*

Defendant goes into detail about COVID-19 and its dangers. He claims that, "[a]t 56 years old, Defendant is at an increased risk of death or serious physical harm should an outbreak occur." (Doc. 14, PageID: 38-39). He requests home detention or electronic monitoring to protect the public. He reiterates the above personal history and claims "[t]here was no evidence of trafficking." (*Id.* at PageID: 39).

The Court understands the general risks that COVID-19 presents to certain populations, including those in jails and prisons. But courts throughout the country "have held that these risks, without more, do not amount to a 'material change of circumstances warranting a renewed evaluation of [a] prior detention order." *United States v. Tawfik*, 2020 WL 1672655, at *2 (E.D. Mich. Apr. 6, 2020) (citing cases finding same). The fact that COVID-19 may come to the facility where Defendant is housed does not go to Defendant's flight risk or danger to the community. Defendant purchased narcotics online while sheltered at home.[1] He had a dangerous combination of narcotics, firearms and explosives. Additionally, Defendant presents mental health concerns. This remains true despite COVID-19.

Moreover, jail officials are taking precautions to stop the introduction and spread of COVID-19 at the facility.[2] (Doc. 18, PageID: 121-25). Besides his age, Defendant presents no

---

[1] There is also evidence that Defendant viewed and downloaded child pornography via the internet while sheltered at home. (*See* Doc. 18-3). This not only further demonstrates Defendant's danger to the public, but also the difficultly of monitoring Defendant should the Court release him to home confinement.

[2] As of May 12, 2020, Northeast Ohio Correctional Center—the facility where Defendant is currently detained—has reported that no inmates have contracted COVID-19. (https://drc.ohio.gov/) (last accessed May 13, 2020). While the institution is in lockdown, this appears to be a precautionary measure due to five of the institution's staff members testing positive for the virus. In addition, the facility has tested four inmates, but the results are unknown.

prior medical history that would make him an "at-risk" individual. Rather, Defendant raises speculative health concerns. Not only is speculation insufficient to justify his release, "health problems alone do not necessarily mean that a defendant does not pose a flight risk or a risk of danger to others." *United States v. Dimora*, 2012 WL 1409396, at *4 (N.D. Ohio Apr. 23, 2012). The Court will not release Defendant on speculative health concerns, especially when he remains a danger to the community.

Accordingly, since the presence of COVID-19 neither reasonably assures Defendant's appearance at trial nor the safety of others in the community, the Court declines to reopen the detention hearing and upholds the Magistrate Judge's prior decision to detain.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. 14) is **DENIED**.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　 s/ Christopher A. Boyko
　　　　　　　　　　　　　　　　　　　　**CHRISTOPHER A. BOYKO**
　　　　　　　　　　　　　　　　　　　　**Senior United States District Judge**

**Dated: May 13, 2020**